IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-77,944-01






EX PARTE JAMES NEWTON WHITEHORN, II, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F35015A IN THE 18TH DISTRICT COURT


FROM JOHNSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four counts of
indecency with a child by contact and one count of aggravated sexual assault of a child. He was
sentenced to concurrent terms of twenty years for each indecency conviction and a concurrent term
of thirty years for the aggravated sexual assault conviction. The Tenth Court of Appeals affirmed the
convictions in an unpublished opinion. Whitehorn v. State, No. 10-02-00263-CR (Tex. App.--Waco
del. Jul. 14, 2004). Applicant's Petition for Discretionary Review was refused.


 Applicant was charged in a single, multi-count indictment. Counts 1 to 4 alleged indecency
by contact with one complainant; Count 5 alleged the aggravated sexual assault of a different
complainant. Applicant raised, through habeas counsel, a bare claim of actual innocence regarding
the aggravated sexual assault conviction, a claim trial counsel was ineffective for failing to
investigate and discover the evidence of actual innocence, and a claim of ineffective assistance for
failing to move to sever the indecency counts from the aggravated sexual assault count. The bare
actual innocence claim was based on the complainant's recantation, and the State provided several
affidavits calling the truthfulness of the recantation into question. There were no credibility
determinations regarding the recantation or the competing affidavits, so the application was
remanded to the trial court for a live evidentiary hearing.

 The trial court held an evidentiary hearing at which the complainant testified as well as
another witness who testified to facts calling the truthfulness of the complainant's recantation into
doubt. Based on this testimony and its own observations of the witnesses, the trial court finds that
the complainant's recantation is not credible. It recommends that relief based upon it be denied. The
trial court's findings are supported by the hearing transcript and are adopted by this Court.
Accordingly, this Court holds that Applicant's claim of actual innocence lacks merit. This Court has
also independently reviewed the remaining claims raised in the habeas application and holds that
they lack merit as well. Relief is therefore denied.


Filed: March 27, 2013

Do not publish